HARDY, Judge.
This is an action by plaintiff, individually- and as Natural Tutrix of her minor children, for damages resulting from the death of her husband.
The action arises from a collision which occurred on the Homer-Colquitt Highway,. Claiborne Parish, involving a pickup truck of Alton Wilson, a Plymouth automobile of' William N. Mays and a Chevrolet truck of H. G. Odom. Wilson’s truck and Mays’" automobile were headed south on the highway and the Odom truck was moving north..
Because of a heavy rain and the accumulated water on the highway, the motor of Wilson’s truck was drowned out. He attempted to reach the top of the hill on the-highway in the hope of correcting the defection of his motor. This hope was unavailing, and Wilson’s truck came to a complete stop before he reached the crest of" the hill, whereupon he attempted to start his engine by permitting his truck to roll" backward down the hill, and, after accumulating speed, place it in gear. This operation failed, whereupon Wilson descended' from his truck, raised the hood of his car and attempted to dry the distributor, without success. By reason of this failure, and o» account of the increasing rain, Wilson reentered the truck and shortly afterward perceived the approach of Mays’ automobile,, which he testified he attempted to flag down.. On hearing the approach of Odom’s truck from the opposite direction, and anticipating a collision, Wilson left his truck and' ran to a place of safety on the highway-right-of-way.
Mays approached the Wilson truck, and,, in, or after, a passing movement, was struck by the Odom vehicle, which collision caused the death of plaintiff’s decedent, who was & guest passenger in the Mays’ vehicle.
*244 The suit noted has been consolidated with the action of Mays against Southern Farm Bureau Casualty Company, 160 So.2d 245.
In the Brown suit against Odom, Southern Farm Bureau and Maryland Casualty Company a settlement was effected between plaintiff, Mrs. Brown, and Odom and Southern Farm Bureau by the payment of $11,-500.00, all rights being reserved against Wilson and Maryland Casualty Company.
By a third party proceeding Odom and Southern Farm were impleaded by Maryland on the ground that the negligence of Odom was the sole cause of the damages involved.
Upon the finding that Wilson was negligent ; that Odom was free from negligence; that Mays was negligent which negligence was not imputable to Brown, the trial court rendered judgment against Maryland Casualty Company in favor of Mrs. Brown in the sum of $5,000.00, and in favor of each of the two minors for $2,500.00. The third party action was dismissed but there was judgment in reconvention in favor of Odom against Mays and Maryland Casualty Company to the extent of $477.76, being the amount of property damage sustained to the Odom truck. From these judgments Maryland Casualty Company has appealed.
The primary charges of negligence against each of the parties involved may be briefly summarized. Wilson is accused of negligence in that he parked his truck on the highway. It is contended that he should have made an effort to pull off of the highway and onto the shoulder of the road. In this connection, it must be considered that Wilson was confronted by an emergency due to the malfunction of his motor. The undisputed testimony discloses that he attempted to overcome this difficulty, first, by the effort to reach the crest of the hill, and, second, by allowing his vehicle to roll in reverse down the hill with the hope of restoring ignition. Both of these efforts failed. While it is true, upon the basis of hindsight, that he could have permitted his truck to roll onto the shoulder of the road, we cannot find that his failure to do so was a breach of duty or constituted an element of negligence. The shoulder was covered with grass and weeds and had been subjected to a hard downpour of rain, which, within reason, would have made the movement of a vehicle hazardous and subject to imminently dangerous results. The testimony further shows that Wilson continued his effort to restore the function of his motor by raising the hood of the vehicle and attempting to dry out the distributor, which effort was again unavailing because of the continuance of the rain. While there may be some dispute as to whether he attempted to flag approaching traffic, even the conclusion that this fact was not established constitutes no direct act of negligence under the circumstances.
The charge of negligence against Mays is that he attempted to pass the Wilson truck parked on the highway, and that such action was a cause of the collision with the Odom truck which approached from an opposite direction. This charge must fail because, at the time Mays decelerated his speed and began his passing movement, the Odom truck was not in view over a distance in excess of 300 feet. There is some dispute as to whether Mays had actually completed his passing movement or was still engaged in this maneuver at the time that the Odom truck topped the crest of the hill. Again, we do not think this factor is of significant importance, and, under the peculiar circumstances of the case, it fails to convict Mays of negligence.
Finally, it is argued that the Odom vehicle was moving at an excessive rate of speed on a rain slick, asphalt-topped highway, and that this element of speed constituted negligence which caused him to lose control of his truck. The testimony preponderantly establishes the fact that Odom was driving within the maximum speed limit. As he topped the crest of the hill, he observed the Mays automobile either in the act or completing the operation of *245 passing the stalled Wilson vehicle. His application of brakes was instinctive and we cannot conclude that the resultant loss of control was due to negligence.
After careful examination of the instant case, we have reached the conclusion, which, though unusual, is, nonetheless, completely substantiated by the record, that, under the given circumstances, none of the ■drivers of the vehicles involved was guilty ■of any direct act of negligence nor of the violation of any duty of care and prudence which is legally imposed upon the operator of a motor vehicle. It follows that the judgment appealed from should be, and, accordingly, it is, amended to the extent of rejecting the demands of plaintiff, Mrs. Margie Brown, individually and as Natural Tutrix of her minor children, and, as amended, is affirmed, at the cost of plaintiff-appellee.